IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MYRTLE K. BENNETT, | : |
| Plaintiff | : |
| VS. | : |
| | :   7 : 05-CV-20 (RLH) |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**ORDER**

The plaintiff herein filed this Social Security appeal on March 4, 2005, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Background*

The plaintiff filed her application for disability benefits in October 2001, alleging disability since May 9, 2001, due to fibromyalgia, arthritis, and a mood disorder. Her applications were denied throughout the administrative levels, with the ALJ determining that the plaintiff could perform a reduced range of light and sedentary work, and that although she could not return to her past relevant work as a "machine fixer" and inspector, Vocational Expert testimony indicated that there were other jobs in the national economy which she remained

capable of performing. The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ failed to properly evaluate the credibility of her testimony and statements of disability.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's

subjective testimony of pain.  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a).  Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence.  20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."  20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled.  However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, the ALJ reviewed the medical evidence, dating between March 2000 and February 2003, and the plaintiff's subjective testimony, and concluded that "[t]he medical evidence indicates that the claimant has fibromyalgia, arthritis in the low back and knees, and obesity, impairments that are severe within the meaning of the Regulations".  R. at 34.  In determining her residual functional capacity, the ALJ noted the application of the Eleventh Circuit's pain standard, and found that although the plaintiff had been diagnosed with fibromyalgia,

> the objective medical evidence shows that she has actually exhibited very few symptoms of a significant musculoskeletal impairment on examination by a number of physicians.  She consistently has a normal gait and normal range of motion of all of her joints and extremities.  She has only rarely exhibited some mild swelling of the joints, and she has consistently had normal reflexes, motor strength, and sensation.  She alleged at the hearing that she has muscle spasms on examination by her treating physicians.  Laboratory tests have all been normal aside from an unexplained high sedimentation rate; the claimant testified at the hearing [that] she had been

> diagnosed with rheumatoid arthritis, but the objective medical evidence shows that no specific connective tissue or rheumatoid condition has ever been diagnosed. The evidence does not indicate that the claimant has an impairment which would reasonably be expected to cause the severe, debilitating pain and fatigue alleged.
>
> The objective medical evidence indicates that the claimant has osteoarthritis in her left knee. However, x-rays have established that this is mild in nature. . . . there is no objective medical [evidence] establishing the specific location and severity of the arthritis in her back. There is no evidence that she has compression or impingement of a nerve which would cause pain or numbness in her legs.

R. at 35-36.

The plaintiff argues that this pain evaluation "was not sufficiently specific as to be supported by substantial evidence." The court disagrees. The ALJ discussed the medical evidence and the plaintiff's testimony in great detail, and provided detailed reasons, based in the objective medical record and supported by substantial evidence, for discrediting plaintiff's statements of total disability.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is hereby **AFFIRMED** pursuant to Sentence Four of § 405(g). **SO ORDERED**, this 7th day of March, 2006.

   /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb